

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DOMINIQUE DAVIS, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:18-2385-MGL-PJG |
| § | |
| ROBERT WILKIE, *Secretary of Veterans* § | |
| *Affairs*, § | |
| Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Dominique Davis (Davis) filed this lawsuit against her employer, Defendant Robert Wilkie, in his official capacity as the Secretary of Veterans Affairs  The lawsuit, however, is actually against the Department of Veterans Affairs (the VA).  *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978) (stating that official-capacity suits "generally represent . . . another way of pleading an action against an entity of which an officer is an agent.").

Davis is pursuing a failure-to-accommodate claim under the Rehabilitation Act, 29 U.S.C. § 794, which prohibits employment discrimination against individuals with disabilities in the federal workforce.  The Court has federal question jurisdiction over this action in accordance with 28 U.S.C. § 1331.

The matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (Report) suggesting the VA's motion for summary judgment be granted.  The

Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 8, 2020, Davis filed her objections on October 22, 2020, and the VA filed a reply on October 27, 2020. The Court has reviewed Davis's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

**II.     FACTUAL HISTORY**

As the Magistrate Judge noted in the Report, "Davis suffers from several disabilities, including pain disorder, idiopathic hypersomnia, depressive disorder, anxiety disorder, pulmonary embolism and thrombosis, anemia, radiculopathy, osteoarthritis, scoliosis, and chronic headaches." Report at 1. "These conditions interfere with Davis's ability to stand, sit, sleep, speak, breath, concentrate, communicate, lift objects, stay awake, work, see, perform manual tasks, and walk." *Id*.

Because of Davis's disabilities, she "requested that she be provided a sit-to-stand desk and be allowed to telework two to three days per week under a standard telework agreement." *Id*. at 2. "Davis needed to stand and stretch to alleviate her pain and reduce the chance of blood clots." *Id*. at 9. The VA "already allowed Davis to leave her work area to stretch and walk. . . . [H]er request

for a sit-to-stand desk was based on her desire to be able to continue to work without the need for breaks." *Id*.

Davis submitted her requests in writing on March 1, 2016; and on, March 7, 2020, the VA informally advised her that a sit-to-stand desk could be accommodated. But, it denied her request to telework.

As the Magistrate Judge detailed in the Report,"[t]he employee responsible for ordering the desk, Alan Simmerson (Simmerson), was notified on March 10, 2016[,] that the desk had to be provided." *Id*. "Davis followed up with Simmerson on March 25, 2016, but Simmerson said that he had ordered a single-screen desk when he was supposed to have ordered a double-screen desk." *Id*. "By June 2016, Simmerson still had not ordered the double-screen desk because of an issue with his credit cards that required Simmerson to undergo training." *Id*. "At that time, Davis was suffering a painful exacerbation of her disabilities, including depression and pain that required injections for relief, which necessitated medical leave." *Id*.

"In July 2016, Davis received a sit-to-stand desk[,] but it was not compatible with her workspace and unusable. Simmerson immediately removed the sit-to-stand desk." *Id*. "No later than April 2017, a sit-to-stand desk was provided that was compatible with her workstation." *Id*. at 3.

### III.   DISCUSSION AND ANALYSIS

"To establish a prima facie claim of failure to accommodate under the Rehabilitation Act, a plaintiff must demonstrate that (1) she was a qualified person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of the position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation." *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019). The only disagreement

3

between the parties concerns whether the accommodations provided by the VA were reasonable. According to Davis, the VA's delay in providing the sit-to-stand desk and refusal to allow Davis to telework were unreasonable.

Davis offers three objections to the Report.

### A.     *Whether the accommodations were reasonable*

First, Davis objects to the Magistrate Judge's conclusion that no reasonable jury could find that the accommodations were unreasonable. Objections at 1-3. This objection deals exclusively with the VA's delay in providing the sit-to-stand desk to Davis. She neglects to make any argument as to her telework request.

"An unreasonable delay in providing an accommodation for an employee's known disability can amount to a failure to accommodate [her] disability that violates the Rehabilitation Act." *McCray v. Wilkie*, 966 F.3d 616, 621 (7th Cir. 2020). "Whether a particular delay qualifies as unreasonable necessarily turns on the totality of the circumstances, including, but not limited to, such factors as the employer's good faith in attempting to accommodate the disability, the length of the delay, the reasons for the delay, the nature, complexity, and burden of the accommodation requested, and whether the employer offered alternative accommodations." *Id*.

As the Court noted above, the Magistrate Judge stated that "[n]o later than April 2017, a sit-to-stand desk was provided that was compatible with [Davis's] workstation." *Id*. at 3. But, in the Court's de novo review of the record, it discovered Davis testified that she received a compatible replacement in January 2017. *See* Davis's Depo. at 48:7-10 (stating she received a replacement sit-to-stand desk "around six months after getting [the first] one[]" in July 2016.). In a later affidavit, however, Davis contradicted her deposition testimony and swore that "[a] compatible sit-to-stand

4

desk that I could actually use was not provided until April 2017[.]" Davis's Affidavit ¶ 10 (emphasis omitted).

Thus, although Davis requested the sit-to-stand desk in March 2016, the VA did not provide an acceptable one until January or April 2017, depending on which of Davis's sworn statements one chooses to believe. So, the delay was ten to thirteen months after Davis requested it. And, although the delay is concerning, inasmuch as the Court must consider the totality of the circumstances, the delay is an insufficient basis on which to conclude the VA failed to reasonably accommodate Davis's disability. *See Jay v. Intermet Wagner Inc.*, 233 F.3d 1014, 1017 (7th Cir. 2000) (holding that, although there was a twenty-month delay in providing an accommodation in an ADA case, the employer "acted reasonably and in good faith[,]" and that its "solution constituted a reasonable accommodation.").

Reviewing the record, the Court is unable to find any evidence the VA acted in bad faith in failing to promptly provide the proper desk. And, although it took ten to thirteen months for the VA to provide a desk that met Davis's needs, the VA provided the first one in July 2016, four months after Davis requested it.

It appears the reason for much of the delay was caused by mistakes and complications in ordering the sit-to-stand desk. Nevertheless, Davis has failed to marshal, and the Court is unable to find in the record, any convincing evidence of malfeasance or animus by the VA. Further, as an interim accommodation, while waiting for the sit-to-stand desk to arrive, the VA allowed Davis to leave her work area to stretch and walk.

For all these reasons, having considered the totality of the circumstances, the Court is in full agreement with the Magistrate Judge that no reasonable jury could find the accommodations the VA provided to Davis were unreasonable. Therefore, the Court will overrule Davis's first objection.

### B.     *Whether the interim accommodation was adequate*

In Davis's second objection, she contends the Magistrate Judge erred in suggesting the VA provided Davis with an adequate interim accommodation while waiting for the sit-to-stand desk to arrive.  As the Court has already noted, the interim accommodation was the VA's allowing Davis to take breaks to stand and stretch to alleviate her pain and reduce the chance of blood clots.

According to Davis, "[t]here is  no  evidence to contradict [her] sworn testimony that she suffered a painful exacerbation of her disabilities, resulting in injections to alleviate pain, shoulder and other pain, and depression, all of which necessitated medical leave, as a result of the lack of a sit-to-stand desk." Objections at 3.  But, with just Davis's testimony, and without expert testimony, the Court is unable to determine whether the lack of a sit-to-stand desk caused all of these problems for Davis.  *See Babb v. Lee Cty. Landfill SC, LLC*, 747 S.E.2d 468, 481 (S.C. 2013) ("[W]here a subject is beyond the common knowledge of the jury, expert testimony is required." ).  Accordingly, the Court will also overrule Davis's second objection.

### C.     *Whether Davis's testimony alone is sufficient to show the interim accommodation was inadequate*

In Davis's third objection, which is closely related to her second one, Davis "objects to the Magistrate Judge's conclusion that [Davis's] sworn statements  regarding her suffering required evidence beyond her testimony." Objections at 3 n.1.  Here, Davis contends she "may testify to her own personal mental and physical suffering because of the lack of the agreed-upon accommodations; no additional evidence should have been required of" her. *Id*.

Davis is correct.  She can certainly offer such testimony.  But, as the Court stated above, Davis's bald assertion that her medical condition was worsened because of her lack of a sit-and-stand desk, without expert testimony, is insufficient to show the interim accommodation the VA provided to Davis was inadequate.  Consequently, the Court will overrule Davis's third objection, too.

6

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Davis's objections, adopts the Report, and incorporates it herein. Accordingly, it is the judgment of this Court the VA's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 17th day of December, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE